IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>JASON LEWIS ZILBERBRAND,<br><br>Debtor.<br><br>─────────────────────────────<br><br>ILENE F. GOLDSTEIN, not individually but as chapter 7 Trustee for the Estate of Jason Lewis Zilberbrand,<br><br>   Plaintiff,<br><br>v.<br><br>NICOLE ZILBERBRAND,<br><br>   Defendant. | Case No. 17-04034<br><br>Chapter 7<br><br>Honorable A. Benjamin Goldgar<br><br><br><br><br><br>Adv. No. 19-ap-00092 |

## CITATION TO DISCOVER ASSETS

To:   Nicole Zilberbrand, 4560 Eleanor Drive, Lake Zurich, IL 60047

YOU ARE COMMANDED to appear for examination before the Honorable Judge Goldgar on Friday, June 28, 2019, at 12:00 p.m., in Courtroom B of the Park City Branch Court, 301 S. Greenleaf Avenue, Park City, Illinois, 60085.

Judgment was entered on April 12, 2019, in favor of Plaintiff Ilene F. Goldstein, not individually but as chapter 7 Trustee for the Estate of Jason Lewis Zilberbrand, and against Defendant Nicole Zilberbrand, in this court under case 19-ap-00092, in the sum of $199,405.20.

YOU ARE HEREBY COMMANDED to produce at the examination, the documents listed on the Citation Rider, which is attached hereto as Exhibit A.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from enforcement of a judgment, a deduction order or garnishment, property belonging to the judgment debtor or to which s/he may be entitled or which may thereafter be acquired by or become due to him/her, and from paying over or otherwise disposing of any monies not so exempt, which are due to the judgment debtor. This prohibition shall remain in effect until further order of court or termination of the proceeding. You are not required to withhold the payment of any monies beyond double the amount of the total sum due to the judgment creditor.

WARNING: Your failure to comply with the citation proceeding may result in a judgment being entered against you for the unsatisfied amount of this judgment. 735 ILCS 5/2-1402(f)(1).

This is to certify that the within and attached document is a full, true and correct copy of the original thereof as the same appears on file in the office of the Clerk of the United States Bankruptcy Court for the Northern District of Illinois.

JEFFREY P ALLSTEADT
CLERK OF COURT

By _____
         Deputy Clerk
Dated 5/29/19

WARNING: IF YOU FAIL TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL OR METROPOLITAN CORRECTIONAL CENTER OF CHICAGO.

## CERTIFICATE BY JUDGMENT CREDITOR OR ATTORNEY FOR JUDGMENT CREDITOR

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the judgment was entered on April 12, 2019, in the amount of $199,405.20, plus all costs and fees, with interest to accrue pursuant to applicable law, with the United States Bankruptcy Court for the Northern District of Illinois – Eastern Division, under case 19-ap-00092. There is now due, less credits and setoffs, the sum of $201,748.15 (Judgment Balance). Further sums may become due as costs and interest accrue.

Dated: May 29, 2019

**Ilene F. Goldstein, not individually, but as chapter 7 Trustee of the estate of Jason Lewis Zilberbrand**

By: ___/s/ Paul M. Bauch___
    *One of the Plaintiff's Attorneys*

Paul M. Bauch (ARDC #6196619)
Lakelaw
53 W. Jackson Street, Suite 1115
Chicago, IL 60604
Phone: (312) 360-1501
pbauch@lakelaw.com

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>JASON LEWIS ZILBERBRAND,<br><br>Debtor.<br><br>―――――――――――――――――<br><br>ILENE F. GOLDSTEIN, not individually but as chapter 7 Trustee for the Estate of Jason Lewis Zilberbrand,<br><br>    Plaintiff,<br><br>v.<br><br>NICOLE ZILBERBRAND,<br><br>    Defendant. | Case No. 17-04034<br><br>Chapter 7<br><br>Honorable A. Benjamin Goldgar<br><br><br><br><br>Adv. No. 19-ap-00092 |

## CITATION NOTICE

**Judgment Debtor's last known address:** Nicole Zilberbrand, 4560 Eleanor Drive, Lake Zurich, IL 60047

**Court's address:** United States Bankruptcy Court, Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604

A judgment in favor of Plaintiff Ilene F. Goldstein, not individually but as chapter 7 Trustee for the Estate of Jason Lewis Zilberbrand, and against Defendant Nicole Zilberbrand, was entered on April 12, 2019, in the sum of $199,405.20, and $201,748.15 remains unsatisfied.

**Attorney for judgment creditor:**
Paul M. Bauch (ARDC #6196619)
Lakelaw
53 W. Jackson Street, Suite 1115
Chicago, IL 60604
Phone: (312) 360-1501
pbauch@lakelaw.com

**Name of party receiving citation:** Nicole Zilberbrand

NOTICE: The Court has issued a Citation against the party named above. The Citation directs that party to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor

3

has an interest. The Citation was issued on the basis of a judgment against the judgment against the judgment debtor in favor of the judgment creditor in the amount stated above. On or after the Court date stated above, the Court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR, WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE.

(1) Under Illinois or federal law, the exemption of personal property owned by the debtor includes the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor, including money in a bank account.
(2) Social Security and SSI benefits;
(3) Public assistance benefits;
(4) Unemployment compensation benefits;
(5) Worker's compensation benefits;
(6) Veteran's benefits;
(7) Circuit breaker property tax relief benefits;
(8) The Debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle;
(9) The Debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor;
(10) Under Illinois law every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.
(11) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages, or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the greater of the state or federal minimum hourly wage.
(12) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the minimum hourly wage or, under a wage deduction summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.
(13) Pension and retirement benefits (including IRA accounts) and refunds may be claimed as exempt under Illinois law.

The Judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date by notifying the clerk in writing at the office of the Clerk of the Court, at 219 S. Dearborn Street, Chicago, IL 60604. When so notified, the Clerk will obtain a prompt hearing date from the Court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the

judgment creditor or the judgment creditor's attorney by regular first class mail, regarding the time and location of such hearing. This notice may be sent by regular first-class mail.

Dated: May 29, 2019                              **Preparer's signature:**

                                        By: ___/s/ *Paul M. Bauch*___
                                                 *One of the Plaintiff's Attorneys*

Paul M. Bauch (ARDC #6196619)
Lakelaw
53 W. Jackson Street, Suite 1115
Chicago, IL 60604
Phone: (312) 360-1501
pbauch@lakelaw.com

### EXHIBIT "A"
### DEFINITIONS

For purposes of this request, the term "document" is defined in Illinois Supreme Court Rule 201(b), and includes, without limitation, any writing or any other tangible thing of any kind and description, however produced or reproduced, whether draft or final, original or reproduction, whether handwritten, typed, drawn, sketched, printed, or recorded by any means whatever, including, without limitation, all original and non-identical copies of such documents. The term "document," as used in the Illinois Supreme Court Rules, includes but is not limited to papers, photographs, films, recordings, memoranda, books, records, accounts, communication and all retrievable information in computer storage.

The term "relate" shall mean in any way logically or factually connected with the matters set forth. It includes, but is not limited to, constituting, referring, pertaining to, touching upon, evidencing or describing, directly or indirectly, or in any manner.

The term "Judgment Debtor" shall mean **Nicole Zilberbrand.**

### DOCUMENTS TO BE PRODUCED

1. Each document which relates or refers to the description and/or location of each parcel of real property in which the Judgment Debtor has, or has had within the last five (5) years, an interest including equitable and future interests, beneficial interests in land trusts, interests in estates by the entirety, interests in jointly owned property, community property, life estates, leaseholders and rights and powers exercisable for his own benefit).

2. Each document which relates or refers to the nature of the interest of the Judgment Debtor in each of the properties referred to in Paragraph 1 hereof, including, without limitation, all deeds and mortgages.

3. Each document which relates or refers to each of the following types of personal property in which the Judgment Debtor has, or has had within the last five (5) years, an interest:

1

(a) Cash on hand.
(b) Deposits of money with banking institutions, savings and loan associations, credit unions, public utility companies, landlords and others (including without limitation checking accounts, savings accounts and certificates of deposit).
(c) Household goods, supplies and furnishings.
(d) Books, pictures and other art objects.
(e) Stamp, coin and other collections.
(f) Automobiles, trucks, trailers and other vehicles.
(g) Boats, motors, and related equipment or accessories.
(h) Aircraft, motors, and related equipment or accessories.
(i) Farming supplies and implements.
(j) Office equipment, furnishings and supplies.
(k) Machinery, fixtures, equipment and supplies used in business.
(l) Inventory.
(m) Tangible personal property of any other description.
(n) Patents, copyrights, franchises and other general intangibles.
(o) Government bonds.
(p) Corporate bonds.
(q) Notes receivable.
(r) Other negotiable and non-negotiable instruments.
(s) Insurance policies, including all documents which relate or refer to surrender or refund values of each.
(t) Annuities.
(u) Stocks and interests in incorporate and unincorporated companies, including any and all shareholder agreements.
(v) Interests in partnerships, including any and all partnership agreements.
(w) Liquidated debts owed to the Judgment Debtor.
(x) Contingent and unliquidated claims of every nature.
(y) Equitable and future interests, life estates and rights and powers exercisable for the Judgment Debtor.
(z) Firearms and ammunition of any nature.

4. Each document which relates or refers to the market value of the Judgment Debtor's interest in each type of personal or real property referred to in Paragraph 3 hereof.

5. Each Federal and State Income Tax Return filed by the Judgment Debtor for the past five (5) years.

6. Each Financial Statement filed by or which relates to the Judgment Debtor for any period of time within the past five (5) years.

7. Copies of any and all bank statements, deposit slips, and cancelled checks (front and back) on which Judgment Debtor was/is a signatory or any account in the Judgment Debtor's name from January 1, 2011 through the date of this citation.

2